**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF MISSOURI
EASTERN DISIVISION**

CHRISTOPHER CARRIER,

Plaintiff,

vs.

BLACK EAGLE EXPRESS, LLC and
DUSTIN JOHNSON

Defendants.

Case No. 4:26-cv-01044

Jury Trial Demanded

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1367, 1441, 1446, *et seq.*, Defendant Black Eagle Express, LLC ("Black Eagle") hereby removes to the United States District Court for the Eastern District of Missouri, Eastern Division, the case styled *Christopher Carrier v. Black Eagle Express, LLC, et al.* from the Circuit Court of St. Louis County, Missouri, where the case is now pending. Black Eagle states the following in connection with this removal.

1.     On or about May 27, 2026, Plaintiff Christopher Carrier ("Plaintiff") filed his Petition for Damages ("Petition") against Black Eagle in the Circuit Court of St. Louis County, Missouri.  A copy of the Petition is attached as Exhibit A.  Attached as Exhibit B are all process, pleadings, and orders served upon Black Eagle in the state court action as of the date of this Notice of Removal.  The filings comprising the state court file (including all process, pleadings, orders and other documents now on file in the state court action, including a copy of the docket sheet) are attached as Exhibit C hereto.

2.     Black Eagle was served with a Summons and the Petition on May 30, 2026.  This Notice of Removal is timely filed within 30 days after the receipt by Black Eagle, through service, of a copy of the Petition.

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1446 because the United States District Court for the Eastern District of Missouri, Eastern Division geographically embraces the St. Louis County Circuit Court, where this action was originally filed.

4.      This action is removable pursuant to 28 U.S.C. § 1441(a), 1441(b)(2), and 1332(a) because (a) none of the parties in interest properly joined and served as defendants is a citizen of Missouri, (b) Plaintiff and Black Eagle are not citizens of the same state, and (c) the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States…").

5.      This is a negligence case wherein Plaintiff asserts personal injury claims arising out of an alleged November 14, 2023 motor vehicle incident in St. Louis County, Missouri.

6.      This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**Complete Diversity**

7.      Plaintiff is a resident of Missouri. Exhibit A, ¶ 1.

8.      Black Eagle is a limited liability company organized under the laws of the State of Kentucky.

9.      An LLC's citizenship for purposes of diversity jurisdiction is the citizenship of its members. *GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

10.    Black Eagle's sole member, Nexhat Emini is a resident and citizen of the State of Kentucky.

11.    Defendant Dustin Johnson is a resident and citizen of the State of Texas.  Exhibit A, p. 1.

12.    Because Plaintiff and Defendants are citizens of different states, there is complete diversity of citizenship for purposes of removal under 28 U.S.C. § 1332(a)(1).

**Amount in Controversy Exceeds $75,000**

13.    This Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000[1], exclusive of interest and costs based on the following:

   a.  Plaintiff alleges claims of negligence/recklessness, negligent hiring, negligent training, negligent supervision, and negligent entrustment against Black Eagle and a claim of negligence against Defendant Dustin Johnson.

   b.  Plaintiff's alleged damages include serious injuries to his neck, left shoulder and head.

   c.  Plaintiff's alleged damages include an impairment of the ability to work and labor, as well as an impairment of the ability to enjoy life.

   d.  Plaintiff's alleged damages include past and future medical expenses.

   e.  Plaintiff further alleges that his damages are not yet determined.

   f.  Plaintiff alleges an entitlement to punitive damages against Black Eagle.

---

[1] A defendant who seeks to prove the amount in controversy is greater than the jurisdictional amount does not automatically concede that the jurisdictional amount is recoverable.  14AA Fed. Prac. & Proc. Juris. § 3702.1, Determination of the Amount in Controversy-Cases Removed from State Court (4th ed.).  Black Eagle does not concede whatsoever that the jurisdictional amount in controversy is recoverable in this matter or that there is any basis for Plaintiff's allegations.  Black Eagle contends that the allegations are entirely without merit and, as such, no damages are recoverable by Plaintiff.

14.     Plaintiff does not provide a specific amount for his alleged damages. Plaintiff seeks "a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein incurred, and for such other and further relief as this Court deems just under the circumstances." Exhibit A, ¶ 104.

15.     While Defendants deny Plaintiff is entitled to an award in this action based upon the lack of merit associated with his claim, it is not unreasonable to anticipate that Plaintiff will seek damages exceeding the statutory threshold of $75,000. Plaintiff pled an indefinite amount of non-economic damages. If the allegations contained in Plaintiff's Petition for Damages are proven – which Defendants contend they cannot be – a jury could foreseeably award an amount of damages in excess of $75,000.

16.     While Defendants deny that Plaintiff is entitled to any recovery and expects that it will prevail fully in this matter, as a purely jurisdictional matter, "the matter exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).

17.     A copy of this Notice of Removal will be filed in the Circuit Court of St. Louis County, Missouri, and served on Plaintiff's counsel as indicated below.

WHEREFORE, Defendant Black Eagle Express, LLC hereby removes this case from the Circuit Court of St. Louis County, Missouri, to this Court for all further proceedings as provided by law and, pursuant to 28 U.S.C. § 1446(d), the Circuit Court of St. Louis County, Missouri shall proceed no further unless and until such further order or directive of this Court.

**BATY OTTO SCHEER P.C.**

*/s/ Michael D. Cerulo*
Michael D. Cerulo #57536MO
Matthew Victorio #72177MO
BATY OTTO SCHEER P.C.
7777 Bonhomme Ave., Ste. 2150
St. Louis, MO 63105
Telephone: (314) 863-6274
Facsimile: (314) 863-6407
mcerulo@batyotto.com
mvictorio@batyotto.com
ATTORNEYS FOR DEFENDANT
BLACK EAGLE EXPRESS, LLC

## CERTIFICATE OF SERVICE

This certifies that the foregoing was filed with the Court via the Court's CM/ECF system on June 29, 2026, and that the foregoing was served by electronic mail the same date to Plaintiff's counsel of record:

SHAUN M. FALVEY
sfalvey@stlinjurylaw.com
8182 Maryland Ave., Ste. 801
Clayton, MO 63105
(314) 231-4100 – Phone
(314) 241-5078 – Fax
**ATTORNEY FOR PLAINTIFF**

*/s/ Michael D. Cerulo*