26SL-CC03981

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY
STATE OF MISSOURI

| | |
|---|---|
| CHRISTOPHER CARRIER, | ) |
| | ) |
| *Plaintiff,* | ) Case No: |
| | ) |
| v. | ) Division: |
| | ) |
| BLACK EAGLE EXPRESS, LLC, | ) |
| **Serve: Nexhat Emini** | ) |
| **1104 Squirrel Nest Lane** | ) |
| **Lexington, KY 40509** | ) |
| | ) |
| *and* | ) |
| | ) |
| DUSTIN JOHNSON | ) |
| **Serve: 4205 S Kings Hwy** | ) |
| **Texarkana, TX 75501** | ) **JURY TRIAL DEMANDED** |
| | ) |
| *Defendants.* | ) |

## PETITION

COMES NOW Plaintiff Christopher Carrier, by and through counsel, and for his cause of

action against Defendants Black Eagle Express, LLC and Dustin Johnson, and state as follows:

## PARTIES, JURISDICTION, & VENUE

1.  Plaintiff Christopher Carrier is a resident and citizen of the State of Missouri.

2.  Defendant Dustin Johnson (hereinafter "Johnson") is a resident and citizen of Bowie

County, State of Texas.

3.  At all times relevant, Black Eagle Express, LLC (hereinafter "Black Eagle") was a trucking

company with a fleet of vehicles, including tractor-trailers, operating as an interstate

commercial motor carrier registered by the U.S. Department of Transportation (D.O.T.

# 3028967).

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

4. Interstate 270 ("I-270"), at or about the interchange with Dougherty Ferry Road ("Dougherty Ferry"), is an open and public thoroughfare located in the City of Kirkwood, County of St. Louis, State of Missouri.

5. At all times relevant, herein, and at the time of this crash, Black Eagle was acting individually and through its driver, agent, servant, and/or employee, Johnson, who was acting within the course and scope of his employment with Black Eagle.

6. At all times relevant, Johnson was operating a tractor-trailer in furtherance of the business interests of Black Eagle.

7. At all times relevant, Black Eagle either controlled or had the right to control the physical conduct of Johnson, as well as the tractor-trailer he operated.

8. At all times relevant, all Defendants were subject to and required to abide by the rules and regulations set forth in Title 49, Code of Federal Regulations (Federal Motor Carrier Safety Regulations) while operating as an interstate commercial motor carrier.

<u>The Crash at Issue</u>

9. On or about November 14, 2023, Plaintiff was operating a 2007 Mercedes-Benz SLX-350 traveling in the fourth southbound lane of I-270.

10. On or about November 14, 2023, Defendant Johnson was operating a 2023 Kenworth T680 and traveling in the third southbound lane of I-270.

11. At the above-mentioned time and place, Johnson caused his trailer to cross into the Plaintiff's lane of travel, violently striking the driver's side of the vehicle driven by Plaintiff.

12. The above-mentioned collision caused or contributed to cause Plaintiff to sustain serious injuries to his neck, left shoulder and head.

**COUNT I**
**NEGLIGENCE**

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

*(Carrier v. Johnson)*

COMES NOW Plaintiff Christopher Carrier, by and through counsel, and for Count I of his cause of action against Defendant Dustin Johnson, states as follows:

13. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-12 above as if more fully stated herein.

14. At the above-mentioned time and place, Defendant Johnson, as the operator of a motor vehicle, had the duty to exercise the highest degree of care for the safety of other persons upon the roadway, and was careless and negligent in one or more of the following respects:

    a. Johnson failed to operate the vehicle in a careful and prudent manner;

    b. Johnson drove too fast for conditions;

    c. Johnson failed to reduce speed to avoid a collision;

    d. Johnson failed to keep a proper lookout;

    e. Johnson failed to take proper remedial action which could have avoided this collision or minimized the impact;

    f. Johnson failed to keep the vehicle under control at all times;

    g. Johnson operated the commercial motor vehicle without adequate training and experience;

    h. Johnson operated the commercial motor vehicle when not properly qualified;

    i. Johnson failed to exhibit the qualities of a professional driver;

    j. Johnson drove while distracted by an electronic device;

    k. Johnson drove while tired and/or fatigued;

    l. Johnson drove while impaired;

    m. Johnson drove in an overly aggressive manner;

    n. Johnson failed to utilize defensive driving tactics;

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

o. Johnson failed to stop his vehicle, slacken his speed, swerve or sound a warning in an attempt to avoid colliding with the other vehicle involved in this crash, when he knew or should have known there was danger of a collision;

p. Johnson drove his vehicle in such a way as to cause an unreasonable danger and risk of harm to other drivers on the roadway;

q. Johnson drove their vehicle in a way that forced a collision between the 2023 Kenworth T680 he was operating and the 2007 Mercedes-Benz SLX-350; and/or

r. Johnson was otherwise negligent.

15. As a direct and proximate result of Johnson's carelessness and negligence as detailed above, Plaintiff Arnold was injured and damaged; Plaintiff sustained injuries to his neck, left shoulder and head, Plaintiff's ability to work, labor and enjoy life has been and will be impaired, all to his detriment and damage.

16. As a direct and proximate result of Johnson's carelessness and negligence, Plaintiff incurred treatment expenses in an amount not yet determined and will incur treatment expenses in the future.

WHEREFORE, Plaintiff Christopher Carrier respectfully prays for judgment against Defendant Dustin Johnson in an amount that is fair and reasonable in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs incurred herein and for such other orders as this Court deems just under the circumstances.

**COUNT II**
**NEGLIGENCE/RECKLESSNESS**
*(Carrier v. Black Eagle Express LLC)*

COMES NOW Plaintiff Christopher Carrier, by and through counsel, and for Count II of his cause of action against Defendant Black Eagle Express LLC., states as follows:

17. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-16 above as if more fully stated herein.

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

18. At all relevant times, Black Eagle was operating as an interstate motor carrier pursuant to authority granted to it by the U.S. Department of Transportation.

19. Through its existence, Black Eagle knew or could have known of the existence of the Federal Motor Carrier Safety Regulations ("FMCSRs").

20. At all relevant times, as an interstate motor carrier, Black Eagle had an independent duty to follow and comply with the FMCSRs.

21. At all relevant times, pursuant to 49 CFR § 390.11, Black Eagle had an independent duty to require its drivers to observe any duty or prohibition imposed upon its drivers by the FMCSRs:

   a. Black Eagle had a duty to not require or permit a driver, including Johnson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. § 392.3;

   b. Black Eagle had a duty to not allow or permit a driver, including Johnson, to operate a commercial motor vehicle unless that person is qualified to drive a commercial motor vehicle. 49 C.F.R. §391.11.;

   c. Black Eagle had an independent duty not to aid, abet, encourage or require any of its employees to violate the safety regulations contained within Chapter 390. 490 C.F.R. § 390.13;

   d. Black Eagle had an independent duty to prohibit its employees from driving a commercial vehicle unless the employee had first completed and furnished to Black Eagle an application for employment that meets the requirements as set forth in 49 C.F.R. § 391.21(b);

   e. Black Eagle had an independent duty to make investigations and inquiries with respect to each driver it employs and to do so in the manner prescribed in 49 C.F.R. § 391.23;

   f. Black Eagle had an independent duty to obtain the motor vehicle record of every driver it employs, including Johnson, at least once every twelve months in determining whether that driver continues to meet the minimum requirements for safe driving or is disqualified to drive a commercial motor vehicle. 49 C.F.R. § 391.25;

g. Black Eagle had an independent duty require each of its drivers, including Johnson, to furnish it with a list of all violations of motor vehicle traffic laws and ordinances of which he/she has been convicted in the preceding 12 months. 49 C.F.R. § 391.27;

h. Black Eagle had an independent duty to prohibit its employees, including Johnson, from driving until the driver had successfully completed a road test and been issued a certificate of driver's road test. 40. C.F.R. § 391.31;

i. Black Eagle had an independent duty to ensure that its drivers, including Johnson, were physically qualified to operate a commercial motor vehicle and that its drivers had undergone the necessary examinations in the required timeframes as set forth within the FMCSRs. 40 C.F.R. § 391 – Subpart E; and

j. Black Eagle had an independent duty to inspect, repair, and maintain, all of the motor vehicles subject to its control, including the motor vehicle operated by Johnson on the day of the aforementioned crash, and to ensure that the motor vehicle and all of its parts and accessories were in proper operating condition at all times, including at the time of the aforementioned crash. 40 C.F.R. § 396.3.

22. Black Eagle had a duty to comply with the FMCSRs including the specific aforementioned regulations.

23. It is customary in the motor carrier industry to have in place an adequate safety program administered by competent and adequately-trained safety personnel to ensure that the motor carrier and its drivers are adhering to the FMCSRs, including but not limited to the specifically aforementioned regulations.

24. At all times prior to the aforementioned collision, Black Eagle failed to have in place an adequate safety program.

25. As a result of its inadequate and/or nonexistent safety program, Black Eagle violated numerous FMCSRs, including, but not limited to the specifically aforementioned regulations, prior to the aforementioned collision involving Plaintiff.

26. As a result of its inadequate and/or inexistent safety program, Black Eagle allowed its drivers, including Johnson, to violate numerous FMCSRs, including but not limited to

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

the specifically aforementioned regulations, prior to the aforementioned collision involving Plaintiff.

27. Black Eagle's violation of numerous FMCSRs, including the specifically aforementioned regulations created a danger to the health, welfare, and safety of the motoring public, including Plaintiff.

28. Black Eagle was thereby negligent in that it failed to implement an adequate safety program and it violated numerous FMCSRs, including but not limited to the specifically aforementioned regulations.

29. Black Eagle was thereby negligent in that it failed to implement an adequate safety program and it failed to ensure that its agents, employees and drivers, including Johnson, complied with the FMCSRs, including but not limited to the specifically aforementioned regulations.

30. As a direct and proximate result of the independent negligence of Black Eagle, Plaintiff was injured and sustained damages in the manners previously described in this Petition.

31. Prior to the crash involving Plaintiff, Black Eagle knew that its safety program was inadequate and created a high degree of probability of injury to the public as demonstrated by the following:

   a. Black Eagle had a recent history of a pattern of preventable crashes by its drivers resulting in bodily harm and fatalities to members of the motoring public;

   b. Black Eagle had a recent history of personal injury and wrongful death claims and lawsuits filed against it arising out of motor vehicle crashes.

32. At all relevant times, Black Eagle knew or had information from which it, in the exercise of ordinary care, could have known that its conduct as described herein, including but not limited to its intentional, willful, wanton, and reckless violations of FMCSRs and

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

industry standards, created a high degree of probability of substantial injury to the motoring public, such as Plaintiff.

33.  Black Eagle acted with a deliberate and flagrant disregard for the safety of others and/or showed complete indifference to or conscious disregard for the safety of the motoring public, including Plaintiff.

WHEREFORE Plaintiff Christopher Carrier prays for judgment against Defendant Black Eagle Express LLC in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

## COUNT III
## NEGLIGENCE/RECKLESSNESS – VICARIOUS LIABILITY
### *(Carrier v. Black Eagle Express LLC)*

COMES NOW Plaintiff Christopher Carrier, by and through counsel, and for Count III of his cause of action against Defendant Black Eagle Express LLC., state as follows:

34.  Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-33 above as if more fully stated herein.

35.  At the above-mentioned time and place, Defendant Johnson was an agent, servant and/or employee of Defendant Black Eagle and was driving in the course and scope of employment, engaged in a business task for the benefit of Black Eagle.

36.  At all times relevant, Black Eagle, as the operator of a commercial motor vehicle, by and through its employee, agent and/or servant Johnson had the duty to obey the Federal Motor Carrier Safety Regulations while operating as an interstate commercial motor carrier.

37.  At all times relevant, Black Eagle, as the operator of a commercial motor vehicle, by and through its employee, agent and/or servant Johnson had the duty to exercise the highest

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

degree of care for the safety of other persons upon the roadway, and was careless and negligent in one or more of the following respects:

a. Black Eagle by and through its employee, agent and/or servant Johnson failed to operate the vehicle in a careful and prudent manner;

b. Black Eagle by and through its employee, agent and/or servant Johnson drove too fast for conditions;

c. Black Eagle by and through its employee, agent and/or servant Johnson failed to reduce speed to avoid a collision;

d. Black Eagle by and through its employee, agent and/or servant Johnson failed to keep a proper lookout;

e. Black Eagle by and through its employee, agent and/or servant Johnson failed to take proper remedial action which could have avoided this collision or minimized the impact;

f. Black Eagle by and through its employee, agent and/or servant Johnson failed to keep the vehicle under control at all times;

g. Black Eagle by and through its employee, agent and/or servant Johnson operated the commercial motor vehicle without adequate training and experience;

h. Black Eagle by and through its employee, agent and/or servant Johnson operated the commercial motor vehicle when not properly qualified;

i. Black Eagle by and through its employee, agent and/or servant Johnson failed to exhibit the qualities of a professional driver;

j. Black Eagle by and through its employee, agent and/or servant Johnson drove while distracted by an electronic device;

k. Black Eagle by and through its employee, agent and/or servant Johnson drove while tired and/or fatigued;

l. Black Eagle by and through its employee, agent and/or servant Johnson drove while impaired;

m. Black Eagle by and through its employee, agent and/or servant Johnson drove in an overly aggressive manner;

n. Black Eagle by and through its employee, agent and/or servant Johnson failed to utilize defensive driving tactics;

o. Black Eagle by and through its employee, agent and/or servant Johnson failed to stop his vehicle, slacken his speed, swerve or sound a warning in an attempt to

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

avoid colliding with the other vehicle involved in this crash, when he knew or should have known there was danger of a collision;

p. Black Eagle by and through its employee, agent and/or servant Johnson drove their vehicle in such a way as to cause an unreasonable danger and risk of harm to other drivers on the roadway;

q. Black Eagle by and through its employee, agent and/or servant Johnson drove their vehicle in a way that forced a collision between the 2023 Kenworth T680 he was operating and the 2007 Mercedes-Benz SLX-350; and/or

r. Black Eagle by and through its employee, agent and/or servant Johnson was otherwise negligent.

38. Black Eagle's negligence, by and through Johnson, directly caused or directly contributed to cause injuries to Plaintiffs and damages to Plaintiff, as described previously herein.

39. One or more of the principals or managerial agents of Black Eagle authorized Johnson to do the acts of Johnson, described herein.

40. Johnson was unfit and unqualified and one or more of the principals or managerial agents of the principals of Black Eagle was reckless in the employment or retaining of Johnson.

41. Black Eagle's principals or a managerial agent of the principals ratified or approved the acts of Johnson, described herein.

42. Black Eagle aided, abetted, encouraged, and/or required Johnson to violate the safety regulations contained within Chapter 390 in violation of 490 CFR § 390.13.

WHEREFORE Plaintiff Christopher Carrier prays for judgment against Defendant Black Eagle Express LLC in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

**COUNT IV**
**NEGLIGENT HIRING/RETENTION**

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

(*Carrier v. Black Eagle Express LLC.*)

COMES NOW Plaintiff Christopher Carrier, by and through counsel, and for Count IV of his cause of action against Defendant Black Eagle Express LLC, state as follows:

43. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-42 above as if more fully stated herein.

44. At all relevant times, Black Eagle owed a duty to the general public, including Plaintiff, to diligently and adequately screen potential drivers.

45. Such duties include but are not limited to:

    a. To obtain a completed employment application before permitting an agent, servant, and/or employee drive its commercial motor vehicle. 49 C.F.R. § 391.21;

    b. To investigate the agents, servants, and/or employee's driver's employment record during the preceding three years by all reasonable means. 49 C.F.R. §§ 391.23(a)(2), 391.23(c);

    c. To inquire into the agent's, servants, and/or employee's driving record within 30 days after employment begins. 49 C.F.R. § 391.23(a);

    d. To require a successfully completed road test before commencing employment, and permitting the applicant, agent, servant, and/or employee to drive a commercial motor vehicle. 49 C.F.R. § 391.31(a);

    e. To investigate the driver's safety performance history with Department of Transportation regulated employer during the preceding three years. 49 C.F.R. § 391.23(2);

    f. Ensure that its driver was physically qualified to operate a tractor trailer and had a valid and current DOT medical examiner's certificate. 49 C.F.R. § 391.41; and

    g. Ensure that its driver had no current diagnosis of high blood pressure likely to interfere with the ability to operate a commercial motor vehicle safely. 49 C.F.R. § 391.41(b)(6).

46. Black Eagle had a duty to comply with all of the above and below listed laws, federal regulations and codes so as to protect the general public, including the Plaintiff, from the unsafe operation of commercial motor vehicles by its drivers.

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

47. Johnson was unqualified to operate a commercial motor vehicle due to his driving history, inexperience, lack of skill, lack of training and/or lack of knowledge.

48. Because of Johnson's aforementioned inadequacies, Black Eagle should not have hired him to operate a commercial motor vehicle.

49. Black Eagle knew, or through the exercise of ordinary care should have known that Johnson was unqualified to safely operate a commercial motor vehicle.

50. By failing to properly and adequately screen and investigate its drivers, including Johnson, before and during employment, Black Eagle violated numerous FMCSRs, including but not limited to those specifically identified in this count.

51. Had Black Eagle obeyed the FMCSRs, including but not limited to those specifically identified in this count, it could have learned that Johnson was unqualified to safely operate a commercial motor vehicle.

52. Johnson's negligent actions, on the day of the collision with Plaintiff, were consistent with, related to, and a product of his aforementioned inadequacies in operating a commercial motor vehicle.

53. Black Eagle's actions and omissions in hiring Johnson, including their violations of the FMCSRs, were the proximate cause of the injuries of and resulting damages to Plaintiff, resulting from the aforementioned motor vehicle collision.

54. Black Eagle's negligence in hiring and retaining Johnson combined with Johnson's negligence in operating the tractor-trailer to cause the motor vehicle collision on March 9, 2023, and to cause Plaintiffs to sustain injuries and to suffer damages described, herein, above.

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

55. Black Eagle's actions in hiring Johnson, including its violations of the FMCSRs were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

56. At all relevant times, Black Eagle knew or had information from which it, in the exercise of ordinary care, could have known that its conduct as described herein, including but not limited to its intentional, willful, wanton, and reckless violations of FMCSRs and industry standards, created a high degree of probability of substantial injury to the motoring public such as Plaintiff.

57. Black Eagle acted with a deliberate and flagrant disregard for the safety of others and/or showed complete indifference to or conscious disregard for the safety of the motoring public, including Plaintiff.

WHEREFORE Plaintiff Christopher Carrier prays for judgment against Defendant Black Eagle Express LLC in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

**COUNT V**
**NEGLIGENT TRAINING**
*(Carrier v. Black Eagle Express LLC)*

COMES NOW Plaintiff Christopher Carrier, by and through counsel, and for Count V of his cause of action against Defendant Black Eagle Transport, Inc., state as follows:

58. Plaintiffs restate and incorporate by reference the allegations contained in paragraphs 1-57 above as if more fully stated herein.

59. At all relevant times, Black Eagle owed the general public, including Plaintiff, a duty to properly train its drivers, including Johnson, on the safe operation of a tractor-trailer.

60. Black Eagle failed to properly instruct Johnson on the safe operation of a tractor-trailer.

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

61. Black Eagle owed the general public, including Plaintiff, a duty to properly train its drivers, including Johnson, on the safety regulations set forth in the FMCSRs.

62. At all times prior to the aforementioned collision, Black Eagle had a duty, imposed by law and regulation, to diligently and adequately screen potential drivers to the extent mandated by the FMCSRs.

63. Such duties include, but are not limited to:

   a. To require and verify that its drivers pass a knowledge and skills test as prescribed by the FMCSRs. 49 C.F.R. §380.109 and 49 C.F.R. §380.509;

   b. To train its drivers on the FMCSRs pertaining to medical certification, medical examination procedures, general qualifications, responsibilities, and disqualifications. 49 C.F.R. §380.503;

   c. To ensure that its drivers have been properly trained and have shown proof of that training with a training certificate. 49 C.F.R. §380.505.

64. Black Eagle had a duty to properly instruct its drivers, including Johnson, on the rules and regulations as contained in Part 392 of the FMCSRs which pertain to the safe operation of a commercial motor vehicle.

65. Black Eagle failed to properly instruct Johnson on the FMCSRs, including those specifically referenced in this count.

66. Black Eagle owed the general public, including Plaintiff, a duty to provide ongoing safety courses to its drivers, including Johnson.

67. Black Eagle failed to provide adequate continuing safety courses to Johnson.

68. Black Eagle had a duty to comply with all of the above and below listed duties, so as to protect the general public, including Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

69. Black Eagle breached its duty to the general public, including Plaintiff, by its failing to properly train Johnson, Black Eagle's tractor-trailer driver, who was unqualified, incompetent and should not have been permitted to operate a tractor-trailer.

70. Based on Johnson's driving history, inadequate experience, and training, Black Eagle knew or had information from which they, in the exercise of ordinary care, should have known, that its driver operating its vehicle created a high degree of probability of injury to other persons operating or traveling in motor vehicles on public roads, streets and highways.

71. Black Eagle was negligent in failing to properly train its drivers, including Johnson, on the safe operation of a commercial motor vehicle and the FMCSRs.

72. Black Eagle was negligent in failing to provide continuing education on the safe operation of a commercial motor vehicle and on the FMCSRs.

73. Johnson's aforementioned negligent actions and/or inactions were consistent with the fact that Black Eagle failed to properly train him in the safe operation of a commercial motor vehicle and/or the adherence to the FMCSRs.

74. Black Eagle's negligence in failing to properly train Johnson combined with Johnson's negligence in operating the tractor-trailer to cause the motor vehicle collision on March 9, 2023, and to cause Plaintiff to sustain injuries and to suffer damages described, herein, above.

75. Black Eagle's actions in failing to properly train Johnson, including its violations of the FMCSRs were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiff.

76. At all relevant times, Black Eagle knew or had information from which it, in the exercise of ordinary care, could have known that its conduct as described herein, including but

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

not limited to its intentional, willful, wanton, and reckless violations of FMCSRs and industry standards, created a high degree of probability of substantial injury to the motoring public such as Plaintiff.

77. Black Eagle acted with a deliberate and flagrant disregard for the safety of others and/or showed complete indifference to or conscious disregard for the safety of the motoring public, including Plaintiff.

WHEREFORE Plaintiff Christopher Carrier pray for judgment against Defendant Black Eagle Transport, Inc. in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

## COUNT VI
## NEGLIGENT SUPERVISION
*(Carrier v. Black Eagle Express LLC)*

COMES NOW Plaintiff Christopher Carrier, by and through counsel, and for Count VI of his cause of action against Defendant Black Eagle Express LLC, states as follows:

78. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-77 above as if more fully stated herein.

79. Black Eagle owed the general public, including Plaintiff, a duty to continuously evaluate its drivers' performance, including through supervision, and to discharge an incompetent or unsafe driver before he/she injured the public or property.

80. Black Eagle had a duty to not require or permit a driver, including Johnson, to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle. 49 C.F.R. §392.3.

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

81. Black Eagle had a duty to inquire into the motor vehicle record of its drivers and give "great weight" to violations such as speeding or reckless driving. 49 C.F.R. §391.25.

82. Black Eagle had a duty to ensure that its drivers were continuously physically qualified to safely operate a tractor-trailer. 49 C.F.R. §391.41, 391.43.

83. Black Eagle had a duty to maintain a driver qualification file for each driver it employs. 49 C.F.R. §391.51

84. Black Eagle had a duty to maintain a driver investigation history file for each driver it employs. 49 C.F.R. §391.53.

85. Black Eagle had a duty to not allow or permit its on-duty drivers to be in possession of drugs as listed in 49 C.F.R. §392.4(a).

86. Black Eagle had a duty to not schedule a run, nor permit, nor require the operation of any commercial motor vehicle between points in such a period of time as would necessitate the commercial vehicle being operated at speeds greater than those prescribed by law. 49 C.F.R. §392.6.

87. Black Eagle had a duty to comply with all of the above and below listed duties, Rules, Regulations and codes, so as to protect the general public, including Plaintiffs, from the unsafe operation of commercial motor vehicles by its drivers.

88. Black Eagle breached its above listing duties to the general public, including Plaintiffs, by its failing to properly supervise Johnson, Black Eagle's tractor-trailer driver, who was unqualified, incompetent and should have been discharged prior to this crash.

89. Black Eagle's negligence in failing to properly supervise Johnson combined with Johnson's negligence in operating the tractor-trailer to cause the motor vehicle collision on March 9, 2023, and to cause Plaintiffs to sustain injuries and to suffer damages described, herein, above.

Electronically Filed - St. Louis County - May 27, 2026 - 10:02 AM

90. Black Eagle's actions in failing to adequately supervise Johnson after hiring and during the trip in question, including Black Eagle's violations of the FMCSRs, was willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

91. At all relevant times, Black Eagle knew or had information from which it, in the exercise of ordinary care, could have known that its conduct as described herein, including but not limited to its intentional, willful, wanton, and reckless violations of FMCSRs and industry standards, created a high degree of probability of substantial injury to the motoring public such as Plaintiffs.

92. Black Eagle acted with a deliberate and flagrant disregard for the safety of others and/or showed complete indifference to or conscious disregard for the safety of the motoring public, including Plaintiffs.

WHEREFORE Plaintiff Christopher Carrier pray for judgment against Defendant Black Eagle Express LLC, in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

## COUNT VII
## NEGLIGENT ENTRUSTMENT
*(Carrier v. Black Eagle Expediated, Inc.)*

COMES NOW Plaintiff Christopher Carrier, by and through counsel, and for Count VII of his cause of action against Defendant Black Eagle Express LLC, states as follows:

93. Plaintiff restates and incorporates by reference the allegations contained in paragraphs 1-92 above as if more fully stated herein.

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

94. At all relevant times, Black Eagle had a duty not to entrust motor vehicles to a person whom they knew, or in the exercise of reasonable diligence could have known, to be an incompetent, careless, or reckless driver.

95. At all relevant times, Black Eagle owned and/or controlled the tractor-trailer that Johnson was operating at the time of the collision described herein.

96. At all relevant times, Black Eagle controlled who hauled loads on behalf of Black Eagle Transport, Inc.

97. Black Eagle entrusted the tractor-trailer to Johnson for the trip that Johnson was on at the time of the crash described, herein.

98. At the above-mentioned time and place, Johnson was incompetent to operate a tractor-trailer due to incompetence, lack of training, lack of qualification, habitual recklessness, fatigue, and/or impairment.

99. At all relevant times, Black Eagle knew or could have known that Johnson was incompetent to operate a tractor-trailer due to incompetence, lack of training, lack of qualification, habitual recklessness, fatigue, and/or impairment.

100. In choosing to entrust and/or continue to entrust the tractor-trailer to Johnson in spite of Johnson's incompetence and Black Eagle's knowledge of Johnson's incompetence, lack of training, lack of qualification, habitual recklessness, fatigue, and/or impairment, Black Eagle breached its duty of care and was thereby negligent.

101. Black Eagle's negligence in entrusting and continuing to entrust the tractor-trailer to Johnson caused or contributed to cause Plaintiffs to sustain fatal injuries and Plaintiff to suffer damages described herein.

102. Black Eagle's negligence in entrusting the tractor-trailer to Johnson combined with Johnson's negligence in operating the tractor-trailer to cause the motor vehicle collision

Electronically Filed - St Louis County - May 27, 2026 - 10:02 AM

on March 9, 2023, and to cause or contributed to cause Plaintiffs to sustain injuries and to suffer damages described, herein, above.

103. These actions and omissions of Black Eagle by entrusting the tractor-trailer to Johnson were willful, wanton, and reckless, and demonstrated a complete indifference and conscious disregard for the law and for the safety of others, including Plaintiffs.

104. Black Eagle's willful, wanton, and reckless behavior, and for its complete indifference and conscious disregard for the safety of the motoring public, aggravated (punitive) damages are appropriate in this action in order to punish Defendant and to deter others from similar conduct.

WHEREFORE Plaintiff Christopher Carrier pray for judgment against Defendant Black Eagle Express LLC in a sum in excess of Twenty-Five Thousand Dollars ($25,000.00), plus costs herein incurred, and for such other and further relief as this Court deems just under the circumstances.

Respectfully submitted,

**GOLDBLATT + SINGER**

***/s/Shaun M. Falvey***
**SHAUN M. FALVEY #55294**
**sfalvey@stlinjurylaw.com**
**8182 Maryland Ave., Ste. 801**
**Clayton, MO 63105**
**(314) 231-4100 – Phone**
**(314) 241-5078 – Fax**

***ATTORNEYS FOR PLAINTIFF***